State v. Jordan

---

STATE OF NORTH CAROLINA v. RODERICK LEE JORDAN

No. 7410SC911

(Filed 19 February 1975)

**Criminal Law § 92— refusal to sever trials against two defendants**

In this prosecution for armed robbery, the interests of defendant and a codefendant were not so antagonistic as to require the trial court to sever their trials where the State's evidence tended to show that defendant was one of two persons who entered and robbed a Kwik-Pik store and that the codefendant remained in the getaway car, and

defendant contended he was an innocent hitchhiker in the getaway car and the codefendant offered no evidence.

APPEAL by defendant from *McKinnon, Judge.* Judgment entered 22 May 1974 in Superior Court, WAKE County. Heard in the Court of Appeals 21 January 1975.

Defendant was charged in a bill of indictment, proper in form, with the felony of robbery with a dangerous weapon. The charge against defendant was consolidated, over objection, for trial with the same charge against one James Allen.

The State's evidence tended to show the following: At about 1:30 to 2:00 a.m. on 29 November 1973, two Negro males went. into and robbed the Kwik-Pik Store on Western Boulevard in Raleigh. They were identified by a customer as defendant Jordan and one Jerryle Martin. Martin was described as. the man with the .38 caliber pistol, and defendant Jordan was described as the man who tied the witness' hands behind him. Martin and defendant Jordan were also identified by a taxicab driver who saw them as they ran from the store. The taxicab driver alerted the police by radio. Another witness observed a car, black over gold Plymouth or Dodge, parked near the Kwik-Pik with three people in it. Two got out of the car and went to the Kwik-Pik. Later the two ran back to the car where the third was waiting, and the car drove away. The police intercepted a black over gold Plymouth automobile about three miles from the Kwik-Pik Store. The black over gold Plymouth slowed, and the three occupants jumped from it before it stopped rolling. Jerryle Martin jumped from the driver's side and ran. Defendant Jordan and his co-defendant Allen jumped from the passenger's side and ran. All three were caught. Items stolen from the Kwik-Pik were found in the car from which they jumped, as was the .38 caliber pistol and a 12-gauge shotgun. The arresting officer found in the pockets of defendant Jordan's coat the following items: (1) $6.26 in pennies in rolls; (2) a checkbook in the name of George Wayne Davis, the employee on duty in the Kwik-Pik at the time of the robbery; (3) one 12-gauge shotgun shell; and (4) one .38 caliber bullet.

Defendant Jordan offered evidence which tended to show he had been visiting various people and was on his way home when he caught a ride in a black over gold Plymouth. He did not know anything about a robbery, but was implicated only

State v. Jordan

because the two people who may have committed the robbery picked him up to carry him home.

From a verdict of guilty and judgment of imprisonment, defendant Jordan appealed.

*Attorney General Edmisten, by Assistant Attorney General Thomas B. Wood, for the State.*

*Manning, Fulton & Skinner, by James E. Davis, Jr., for the defendant.*

BROCK, Chief Judge.

When the charge against this defendant was called for trial with the like charge against James Allen, defendant moved for a severance. Defendant argued that his and Allen's interests were mutually antagonistic. The trial judge denied the motion for severance. However, he suggested to counsel that if, during the trial, the interests of the defendants appeared so antagonistic as to constitute a real hazard, he would consider a request for a mistrial. This consideration by the trial judge was eminently fair to both the State and the defendant. The evidence presented by the State unequivocally tended to identify defendant as one of the two men who entered and robbed the Kwik-Pik Store. The State's evidence also unequivocally tended to show that when arrested, the defendant had in his jacket pocket a large quantity of pennies in rolls as are usually maintained in a store for change and the personal checkbook of the Kwik-Pik storekeeper. Defendant's jacket also contained ammunition for both the pistol and shotgun which were found in the car from which defendant fled.

Defendant's evidence that he was an innocent hitchhiker was in no way antagonistic to Allen, who offered no evidence. Therefore, Allen's defense was in no way antagonistic to defendant. We find no denial of a fair trial in the consolidation of the cases for trial.

We have examined defendant's remaining assignments of error and find them to be without merit. In our opinion defendant had a fair trial free from prejudicial error.

No error.

Judges PARKER and HEDRICK concur.